Muller agt. Sautler.

————◆◆————

## SUPREME COURT.

### Muller agt. Sautler.

On the settlement or withdrawal of proceedings on *attachment* issued under the Code, the *sheriff* is entitled to an amount at the rate of *poundage* on the levy of an execution.

*New York Special Term, October, 1864.*

Motion on behalf of the sheriff of the city and county of New York for an adjustment of costs on attachment proceedings.

A. J. Vanderpoel, *for motion.*

, *contra.*

Clerke, J. I do not agree with Judge Leonard, that the services rendered by the sheriff in merely serving an attachment under the Code of Procedure, are such services as section 243 contemplates. These are services, undoubtedly, which the sheriff may render under title 7, which may be considered similar or equivalent to those rendered by trustees under the provisions of chapter 5, title 1, and part 2 of the Revised Statutes (3 *R. S.* 119, § 31, *5th ed*). For instance, the duties he would have to perform under section 237 of the Code, chapter 4, and the said title 7, would impose upon him the labor of receiving the proceeds of sales, paying over so much of the same as may be necessary to satisfy the judgment. In case of the sale of any rights or shares in the stock of a corporation, he has to execute to the purchaser a certificate of the sale thereof. If any of the property has passed out of his hands, he has to repossess himself of the same. He has to proceed to

collect the notes and other evidences of debt, and the debts
that may have been seized or attached under the warant,
and to prosecute any bond he may have taken in the course
of such proceedings.   In short, in many instances, under
title 7 of the Code, particulary under chapter 4, powers,
duties and obligations, nearly, if not quite as onerous,
devolve upon him as those which devolved upon trustees
under chapter 5, title 1, part 2 of the Revised Statutes;
and it is only in such cases, and for such services, he is
entitled to the compensation allowed by section 243 of the
Code.   Instead of pronouncing a different decision from that
in *Trenor* agt. *Fachin*,* I would have submitted to it on the

---

*In *Trenor* agt. *Fachin*, an attachment was issued to the sheriff of New York,
under section 227 of the Code, for an amount exceeding $16,000.   The sheriff
served it by leaving a copy with different persons who were supposed to be debtors
of the defendant, or to have money or property belonging to him, to an amount
presumed to be sufficient to pay the plaintiff's claim.   The parties, in contempla-
tion of a settlement or compromise before trial, submitted to the court the question
as to what commissions the sheriff would be entitled to.

BROWN, HALL & VANDERPOEL, *for sheriff*.
JEREMIAH LAROCQUE, *for defendant*.

LEONARD, J.   Section 243 of the Code, directs that the sheriff shall be entitled
to the same fees, compensation and disbursements, as are allowed for like services
and disbursements under 2 Revised Statutes, chapter 5, title 1.   The services in
this case are the same that are to be rendered by trustees under the chapter of the
Revised Statutes referred to.   No goods have been seized; credits only are
attached.   The compensation to trustees is provided in section 31, art. 8, of the
said chapter and title (3 *R. S.* 119, § 31, *5th ed*).   It is all necessary disburse-
ments, and a commission of five per cent. on the whole sum which shall have come
into their hands.

In the case of a composition or settlement, there is no sum of money that comes
to the hands of the trustees in the case of an attachment under the Revised Stat-
utes, or to the sheriff on attachments under the Code, where the service has been
made by notifying the debtors of the defendant.

The late supreme court gave a construction to the provision of the Revised
Statutes relating to the commissions of trustees, in a case where a compromise had
been made and no money came to their hands.

The true construction was given, without doubt, in the *Matter of Robert Bunch*,
a *non-resident debtor* (12 *Wend.* 280).   In the event of a compromise between the
debtor and creditor, the rule is an equitable one.   That rule, in case of a volun-
tary settlement between the parties, will give to the sheriff his commissions upon
such sum as the debtor pays to the creditor, although it does not come to the hands
of the sheriff, as well as his necessary disbursements.

ground of *stare decisis*, and would have recommended an appeal; but that decision is, in itself, a deviation from what I consider the current of decisions on such subjects in this court.

I adhere to my former decision in *Bartlett* agt. *Jessup*, and *Duncan* agt. *Bradstreet.* I repeat, in consideration of the great responsibility to which the sheriff is subjected in the discharge of his duties, I do not think it unreasonable to allow him, as a compensation on the settlement or withdrawal of such cases, an amount at the rate of poundage on the levy of an execution.

Let a bill be presented to me for taxation on the principles herein indicated.

---

## SUPREME COURT.